Filed 6/9/21  P. v. Jones CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089456 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1995-0005970 & SC058201A) |
| v. | |
| TIMOTHY RAY JONES, | |
| Defendant and Appellant. | |

Defendant Timothy Ray Jones appeals the denial of his petition for resentencing under Penal Code section 1170.95[1] because the trial court reviewed the record and did not first appoint counsel.  We conclude any error during the resentencing process was harmless beyond a reasonable doubt and affirm the trial court's denial of defendant's petition.

---

[1]      Undesignated statutory references are to the Penal Code.

1

## FACTUAL BACKGROUND

We take these facts from our opinion in defendant's direct appeal. (*People v. Jones* (Oct. 2, 1998, C023350) [nonpub. opn.] (*Jones*).)[2] In November 1992, a young man was shot and killed outside of a convenience store; about $700 was taken from his wallet. Police found at the scene beer bottles with fingerprints from defendant and codefendant Anthony Dean. In pretrial interviews, at Dean's earlier trial (where Dean was convicted of murder), and at defendant's trial, several witnesses said they either saw defendant and Dean at the scene of the crime or defendant and Dean mentioned the shooting to them.

After trial in 1996, the jury found defendant guilty of murder (§ 187) and second degree robbery (§ 211), also finding true the robbery-murder special-circumstance allegation (§ 190.2, subd. (a)(17)(i)). It did not find true he personally used a firearm (§ 1022.5, subd. (a)) but did find true he was armed in the commission of the crimes (§ 12022, subd. (a)). Defendant was sentenced to life without the possibility of parole.

Defendant appealed alleging, among other issues, insufficient evidence supporting the requisite intent for the special circumstance finding because the jury did not find true the personal use of a firearm allegation. Defendant did not discuss the relevant evidence, instead reserving argument to address respondent's position. We "explicitly" declined to reach this issue because defendant waived it by failing to discuss the relevant evidence. (*Jones, supra*, C023350 [p. 17].) Still, we noted the testimony of two witnesses was "more than sufficient to support the special circumstance because it demonstrates a plan to rob the victim at gunpoint; that the testimony of the defense witnesses may have made it impossible for the jury to resolve one way or the other beyond a reasonable doubt who

---

[2] On our own motion, we take judicial notice of this prior decision. (Evid. Code, § 452, subd. (d).)

actually shot the victim does not invalidate this conclusion." (*Ibid*.) We affirmed the judgment.

In February 2019, defendant filed a petition for resentencing under section 1170.95 alleging he could not now be convicted of murder because of the changes made to sections 188 and 189. The petition alleged he was not the actual killer, did not aid or abet the murder with the intent to kill, and was not a major participant in the felony or act with reckless indifference to human life. He also requested the court appoint counsel for the resentencing process.

The trial court denied the motion without appointing defense counsel or accepting briefing. Relying on our opinion in defendant's direct appeal and the jury's verdicts, the court concluded that because the jury found true the special circumstance, they necessarily found either defendant was the actual killer or an aider and abettor who acted with the specific intent to kill, rendering him ineligible for resentencing under section 1170.95.

DISCUSSION

Defendant contends the trial court erred in summarily denying his section 1170.95 petition by reviewing the record of conviction and not first appointing counsel. We conclude any error is harmless.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if (1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person

3

was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, §§ 2, 3.)

Senate Bill No. 1437 also added section 1170.95 to provide the resentencing petition process. Subdivision (c) of section 1170.95 provides, in part, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner." (§ 1170.95, subd. (c).)

Appellate courts are divided on whether trial courts may review the record of conviction and deny a section 1170.95 petition before appointing counsel. (Compare *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1138-1140 [trial courts may review record of conviction and need not first appoint counsel], review granted Mar. 18, 2020, S260598, with *People v. Cooper* (2020) 54 Cal.App.5th 106, 109, 123 [disagreeing with *Lewis*], review granted Nov. 10, 2020, S264684.) The Supreme Court has granted review on these issues. (See order granting review of *Lewis,* Mar. 18, 2020, S260598.)

It is not necessary in this case to analyze whether the trial court was permitted to review the record of conviction or if it had to appoint counsel because any error would be harmless even under the more stringent beyond a reasonable doubt standard. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711].)

Dispositive here is the jury's finding on the special circumstance allegation. Though we declined to reach defendant's arguments on the special circumstance in his direct appeal, we still noted it was supported by evidence and we affirmed the judgment. (*Jones, supra*, C023350.) As the special circumstance finding has not been subsequently reversed or vacated, it is still valid. Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been at a minimum a "major participant" that acted "with reckless indifference to human life."

4

(§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.)  The jury's special circumstance finding tracks the requirements of first degree murder liability for a participant even after Senate Bill No. 1437's modifications because they found that, at a minimum, defendant was a major participant who acted with reckless indifference to human life.  (§ 189, subd. (e)(3).)

Based on these findings, defendant was ineligible for relief.  It is beyond a reasonable doubt appointed counsel could not have changed the disqualifying findings of the jury.  We conclude any error in reviewing the record and not appointing counsel was harmless.

DISPOSITION

The judgment is affirmed.


          /s/
          HOCH, J.



We concur:



/s/
RAYE, P. J.



/s/
BLEASE, J.